# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| RACHEL BROWN, Individually and as Spouse, And as Personal Representative of the Estate of James Brown, DINETTA SCOTT, as Mother of James Brown and JAYLIAH BROWN, as child of James Brown, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | EP14-CV-0291 |
| COUNTY OF EL PASO, ex. rel. EL PASO COUNTY JAIL, and Officers John Does 1-10, | § § § § | |
| Defendants. | | |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: July 31, 2014-this case was removed from the 210th Judicial District State Court, District of El Paso, TX.

Date Complaint Served: July 31, 2014

Date of Defendant's Appearance: July 31, 2014

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 16, a conference was held on September 29, 2014.  The participants were:

Jason Bowles and B.J. Crow for Plaintiffs Rachel Brown, Dinetta Scott and Rachel Brown for Jayliah Brown

Michael Wyatt for Defendants County of El Paso, ex. rel. El Paso County Jail and John  Does 1-10

I.      Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     Jurisdiction

　　A.     Subject Matter Jurisdiction

Plaintiffs' Complaint is based upon federal claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., Mr. Brown's Constitutional Right to reasonable and adequate Medical Care under the Eighth and Fourteenth Amendments to the United States Constitution, Wrongful Death and Personal Injury. Thus, subject matter jurisdiction is proper in this Court.

　　B.     Personal Jurisdiction

Personal Jurisdiction is not contested.

III.    Brief Description of Case

　　A.     Claims of Plaintiffs

Mr. Brown was an active military serviceman who had served two combat tours in Iraq. He was convicted of driving while intoxicated in July of 2012 and was

sentenced to serve 2 days at the El Paso County Jail.  When he was admitted into the jail, Mr. Brown informed the jail that he had PTSD and was on medication for the PTSD and back pain.  El Paso County Jail booked Mr. Brown into general classification custody in general population.  On July 14, 2012, Mr. Brown was removed from the general population cell because officers alleged he appeared combative.  Officers proceeded to beat Mr. Brown and officers and/or medical personnel gave him certain injections.  The officers and/or medical personnel used tangible personal property in the beating and injection, which ultimately caused Mr. Brown's death.  Mr. Brown passed out and was unresponsive.  Officers continued to beat Mr. Brown after he was unresponsive.  Officers failed to provide Mr. Brown with adequate medical care.  El Paso County Jail knew about Mr. Brown's disabilities and failed to treat him adequately or provide reasonable alternatives for his disability.  On July 14, 2012, Mr. Brown was referred to the emergency room after being unresponsive.  James Brown was then transported to University Medical Center where he died on July 15, 2012.  This death was caused by the constitutional deprivations, wrongful death and personal injury of Defendants.

> B.   Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims)

El Paso County, Texas ("the County"), is the only properly named and served Defendant.  The County and its personnel at all times acted within the bounds of the

law, and did not violate Mr. Brown's legal rights, nor contribute to his death. Mr. Brown was detained the in County jail as a result of his conviction. While in the jail, Mr. Brown began violently acting out in his cell, to the extent that he caused himself to start bleeding, and he used his blood to block the glass window into his cell, obscuring the vision of the guards who were watching him. A team of officers entered his cell to extract him for medical care, and he violently responded, trying to fight them off. The team of officers subdued Mr. Brown, using appropriate force under the circumstances.

Mr. Brown did suffer from a medical condition, and was hospitalized. As a result of his condition, Mr. Brown died in the hospital. An autopsy determined that Mr. Brown died of sickle cell disease.

The County personnel involved in this incident are protected by qualified immunity, having acted in good faith within the scope of their authority and in conformity with their training. The County has adequate policies and procedures, including training and supervision, to protect the health and safety of its inmate population. Mr. Brown's death was caused by a medical condition that was not known to the County at the time of this incident, and was not the result of any negligence or intentional misconduct by the County or its personnel.

IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. James Brown is deceased.

2. James Brown was active military at the time of his death.

3. James Brown died at University Medical Center in El Paso, TX on July 15, 2012.

4. James Brown was an inmate at the El Paso County Jail from July 13-15, 2012.

5. James Brown is survived by his wife, mother and daughter.

V.   Case Management Plan

    A.   Standing Order on Pretrial Deadlines

The parties request modification of the deadlines in the Standing Order on Pretrial Deadlines as follows.

    B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

    C.   Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    D.   Joinder of Parties and Amendment of Pleadings

1.   Plaintiffs should be allowed until October 31, 2014 to file motions to join additional parties and until October 31, 2014 to file motions to amend the pleadings.

2.   Defendants should be allowed until October 31, 2014 to file motions to join additional Parties and until November 30, 2014 to file a response to any amended complaint.

        E.        Discovery

1.   The parties anticipate that discovery will be needed on the following subjects:

1. The events occurring in the jail that led to the death of Mr. Brown.
2. Whether Defendants spoliated the video that contains the events in the jail that led to the death of Mr. Brown.
3. The cause of Mr. Brown's death.
4. The Plaintiffs' damages.

2.   All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by October 2, 2014 and completed by June 30, 2015.

3.   Discovery will not be conducted in phases.

4.   The parties anticipate that Plaintiffs will require a total of 25 depositions of fact witnesses and that Defendants will require a total of 25 depositions of fact witnesses.  The depositions will commence by September 2, 2014 and be completed by June 30, 2015.

5.   The parties will request permission to serve more than 25 Interrogatories.

6.   Plaintiffs intend to call expert witnesses at trial.  Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by March 31, 2015.  Depositions of any such experts will be completed by April 30, 2015.

7.   Defendant(s) intend to call expert witnesses at trial. Defendant(s) will designate all trial experts and provide opposing counsel with Reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)

    (2) by May 31, 2015.  Depositions of such experts will be completed by June 30, 2015.

8.    A damages analysis will be provided by any party who has a claim or counter-Claim for damages by March 31, 2015.

    F.     Dispositive Motions:

Dispositive motions will be filed on or before July 31, 2015.

VI.     <u>Trial Readiness</u>

The case will be ready for trial by October 31, 2015.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.


Plaintiff(s)
By Robert Jason Bowles, Date: October 1, 2014

Defendant(s)
By_/s/ Michael R. Wyatt, Date: October 1, 2014